UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROBERT WILLIAM NEAS,

    Plaintiff,

v.                                               Case No. 18-C-1140

UNIT MANAGER ERIC,
PHYSICAL THERAPIST ERIK, and
UNKNOWN NURSE,

    Defendant.

## SCREENING ORDER

Robert Williams Neas, a state prisoner representing himself, filed a complaint under 42 U.S.C. § 1983. Dkt. No. 1. U.S. Magistrate Judge William E. Duffin, to whom this case is assigned, concluded that the plaintiff had not stated a claim against the defendants but gave the plaintiff the opportunity to file an amended complaint. Dkt. No. 9. The plaintiff has taken advantage of that opportunity and filed an amended complaint.

Although the plaintiff consented to Judge Duffin hearing and deciding the case, the defendants have not yet had the opportunity to decide whether to consent because, until now, the court has not screened the complaint and decided whether it should be served on the defendants. Because both parties have not yet consented to the magistrate judge hearing the case, the clerk's office referred the case to Judge Pamela Pepper to screen the complaint and decide whether it should be served on any of the defendants. The case has since been referred to this court. The court will explain which claims the plaintiff has stated against which defendants, and then it will return the case to Judge Duffin for further proceedings.

**I.     Screening the Plaintiff's Complaint**

  A.     Standard

Under the Prison Litigation Reform Act (PLRA), the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570

F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

B. The Plaintiff's Allegations

The plaintiff asserts that at some point in August 2012, while he was housed at the Winnebago Mental Health Institution, he injured his head and neck on a concrete pillar outside the facility. Dkt. No. 10 at 2. He states that he "f[e]ll on d[i]rt that was a lit[tle] higher all around the b[u]ilding [because] they were doing som[e]thing all around the b[ui]lding, but nothing was posted or said." *Id.* at 6. The plaintiff was not provided medical care for his injury and unnamed staff (who are not named as defendants) instead placed him in observation in the dayroom all day. *Id.* at 2. The plaintiff complained to a unit manager named Eric about his pain and an inability to lie down, but Eric refused to allow him to see a doctor and merely ordered the plaintiff to be put on pain medication. *Id.*[1]

The plaintiff alleges that the facility provided him "800mg of [Seroquel] and the new pain medication Tram[a]dol." *Id.* The plaintiff alleges that the combination of these medications "overmedicated me and I blacked out." *Id.* He alleges that a nurse named Renee (not a defendant) later told him that he had stopped breathing. *Id.* The plaintiff alleges that unit manager Eric kept him in the overmedicated state for six months. *Id.*

The plaintiff alleges that he tried to call his mother for help, but her number connected to a medical alert service. *Id.* at 2–3, 6. He then "got in trouble" for making the call, and a unit

---

[1] Although in the caption of his complaint the plaintiff spells the unit manager's name as "Erik," the plaintiff refers to him as "Eric" throughout his complaint. For purposes of screening this complaint, the court will refer to him as "unit manager Eric."

3

doctor, who is not named as a defendant, took away his medications "Kanasapine (sic) and Ritalin," which he claims were "working for [him]." *Id.* at 3, 6. When he later tested negative for Ritalin, the plaintiff alleges that unit manager Eric punished him by placing him "in a restricted ward for difficult inmate cases," which "subjected [him] to the nightly chaos of unruly inmates/patients for 8 months." *Id.* at 3.

At some point during this time, the plaintiff alleges he worked with a physical therapist named Erik. *Id.* at 6. He says PT Erik would be able to explain "how much pain and work it took." *Id.* The plaintiff does not note what exactly he was working on with PT Erik. The plaintiff alleges that PT Erik "told them I real[l]y was mes[sed] up," and "they" overmedicated him, took away his medications, and moved him to another room. *Id.*

The plaintiff alleges that because of his injury and the ineffective treatment he received for his head and neck injury, he now suffers from post-traumatic stress disorder, nightmares, anxiety attacks, damaged cognitive abilities, and chronic neck pain. *Id.* at 3. He notes that he completed the amended complaint with the help of another inmate. *Id.* The plaintiff requests that the staff at Winnebago Mental Health Institution "be retrained" and the Institution's punishment policy be reviewed. *Id.* at 4. He seeks "someone to treat my P.T.S.D[.]" and monetary damages for his injury and the allegedly inadequate treatment and overmedication he received after his injury. *Id.*

### C. Analysis

The plaintiff's allegations raise multiple issues under the Eighth Amendment, which protects prisoners from "both hazardous prison conditions and grossly inadequate medical care." *Pyles v. Fahim*, 771 F.3d 403, 408 (7th Cir. 2014) (citing *Rhodes v. Chapman*, 452 U.S. 337, 347

(1981); *Farmer v. Brennan*, 511 U.S. 825, 832 (1994); and *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976)). The court will address each claim separately.

        1.     *Conditions of Confinement*

The plaintiff's allegations about the mounds of dirt around the outside of the hospital amount to an Eighth Amendment claim challenging the conditions of his confinement. The conditions of prisoners' confinement may be considered cruel and unusual when they "deprive inmates of the minimal civilized measure of life's necessities" as viewed under a contemporary standard of decency. *Rhodes*, 452 U.S. at 347 (citing *Estelle*, 429 U.S. at 103–04). A prisoner must allege "extreme deprivations . . . to make out a conditions-of-confinement claim." *Hudson v. McMillian*, 503 U.S. 1, 8–9 (1992); *Turner v. Miller*, 301 F.3d 599, 603 (7th Cir. 2002).

The plaintiff alleges that he tripped on the dirt, fell, and injured himself. But the plaintiff does not allege that any defendant knew about, let alone was responsible for, the dirt mounds. *See Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (noting that prison officials may be liable only for injuries caused by "known or obvious dangers" to prisoner health). Nor do the hazardous dirt mounds amount to an "extreme deprivation" of the plaintiff's rights. His complaint about the dirt located outside of the facility in which he was housed suggests at most a claim of negligence, which is not actionable under the Eighth Amendment. *See Farmer*, 511 U.S. at 835–36; *Pyles*, 771 F.3d at 410–11 & n.25. The plaintiff may not proceed with this claim.

The plaintiff also alleges that, as a result of testing negative for Ritalin, unit manager Eric moved him to the restricted ward of the prison, where he suffered "nightly chaos" of unruly inmates for eight months. Such a situation would clearly not be ideal. However, prison conditions may be "harsh and uncomfortable without violating the Eighth Amendment's prohibition against cruel and unusual punishment." *Dixon v. Godinez*, 114 F.3d 640, 642 (7th Cir. 1997). The plaintiff

alleges that he now suffers from post-traumatic stress disorder, nightmares, and anxiety attacks from his time in the restricted ward. But the PLRA bars prisoner suits "for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." 42 U.S.C. § 1997e(e); *see Calhoun v. DeTella*, 319 F.3d 936, 940 (7th Cir. 2003). The plaintiff does not allege that he suffered a physical injury while housed in the restricted ward. He therefore may not bring a claim under § 1983 for his mental or emotional injuries suffered while housed in the restricted ward.

### 2. *Deliberate Indifference*

The plaintiff also asserts that unit manager Eric acted with deliberate indifference to the injuries he suffered after his fall on the dirt outside the institution. The Eighth Amendment imposes a duty on prison officials to take reasonable measures to guarantee an inmate's safety and to ensure that the inmate receives adequate medical care. *Farmer*, 511 U.S. at 832. Prison officials violate the Constitution if they are deliberately indifferent to a prisoner's serious medical needs. *Id.* (citing *Estelle*, 429 U.S. at 103). To state a claim based on deficient medical care, a plaintiff must demonstrate that he had an objectively serious medical condition and that the defendant was subjectively aware of and consciously disregarded that condition. *Id.* at 837.

At this stage, the plaintiff has sufficiently alleged that he suffered from a serious medical condition, his head and neck injury. The plaintiff has also sufficiently alleged that unit manager Eric disregarded that medical condition. Unit manager Eric purportedly ignored the plaintiff's complaints and requests for medical assistance, overmedicated the plaintiff causing him to black out, and kept the plaintiff overmedicated for an additional six months. The plaintiff does not allege that he was provided any additional medical assistance beyond nurse Renee's assessment of him

after he blacked out. The plaintiff may proceed with an Eighth Amendment claim of deliberate indifference against unit manager Eric.

The plaintiff lists two other individuals as defendants in the caption of his amended complaint—Erik, his physical therapist, and "Nurse, Asian Girl on unit Gordan Hall North And Gemini." But the plaintiff does not allege any unconstitutional conduct by either of these defendants. He alleges only that he worked with PT Erik after his injury and was punished by unspecified others when PT Erik explained to them how injured the plaintiff was. He alleges nothing about or against the unknown nurse. Under section 1983, an individual can be liable only if he or she is personally responsible for a constitutional deprivation. *See George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007) ("Only persons who cause or participate in the violations are responsible."). Because the plaintiff does not describe any actionable conduct by PT Erik or the unknown nurse, the court will dismiss them as defendants.

3. *Injunctive Relief*

Although the plaintiff seeks injunctive relief in the form of a change to policies at the Winnebago Mental Health Institution or treatment of his alleged post-traumatic stress disorder, the plaintiff is no longer incarcerated at that facility, and he does not allege that there is any possibility of him returning there. Because the plaintiff is no longer at that facility, his request for injunctive relief is moot. *See Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011) (concluding that prayer for injunctive relief was moot because plaintiff had transferred to a different facility and failed to allege "a realistic possibility that he will again be incarcerated in the same state facility and therefore be subject to the actions of which he complains"); *Ortiz v. Downey*, 561 F.3d 664, 668 (7th Cir. 2009) (same).

## II. Conclusion

**IT IS THEREFORE ORDERED** that Physical Therapist Erik and the Unknown Nurse are **DISMISSED** as defendants.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of Plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on the state defendant Eric, unit manager at Winnebago Mental Health Institution in August 2012.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, the defendant Eric, unit manager at Winnebago Mental Health Institution in August 2012, shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that, once unit manager Eric's full name is known, the Clerk is to update the docket to reflect the defendant's full name.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. The Prisoner E-Filing Program is mandatory for all inmates of Dodge Correctional Institution, Green Bay Correctional Institution, Waupun Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

The court advises the plaintiff that, if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the clerk of court of any change of address. Failure to do so could result in orders or other information not being timely delivered, which could affect the legal rights of the parties.

**IT IS FURTHER ORDERED** that the case is no longer referred to United States District Judge Griesbach. The court **RETURNS** this case to United States Magistrate Judge William E. Duffin for further proceedings.

Dated at Green Bay, Wisconsin this 19th day of February, 2020.

>s/ William C. Griesbach
>William C. Griesbach, District Judge
>United States District Court